Filed 7/31/26  In re A.S. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| In re A.S. et al., Persons Coming Under the Juvenile Court Law. | C104371 |
| A COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br>    Plaintiff and Respondent,<br><br>v.<br><br>C.S.,<br>    Defendant and Appellant. | (Super. Ct. Nos. 25JV3304801, 25JV3304901, 25JV3305001, 25JV3305101, 25JV3305201, & 25JV3305401) |

Appellant C.S. is father of the minors and appeals from the juvenile court's jurisdiction and disposition orders.  (Welf. & Inst. Code, §§ 300, 395.)[1]  In light of the juvenile court's termination of dependency jurisdiction as to all minors at father's request, we dismiss this appeal as moot.

## BACKGROUND

This family includes father, mother, and seven minors who were M. (age 4), J. (age 8), W. (age 10), H. (age 10), F. (age 14), A.S. (age 16), and K. (age 17) at the beginning of dependency proceedings in April 2025.  This family was well known to the

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

Shasta County Health and Human Services Agency (Agency) due to prior child welfare involvement as far back as 2013.  K. turned 18 during the pendency of the proceedings and in June 2025, the juvenile court dismissed the petition as to K.

In April 2025, the Agency filed a non-detaining petition on behalf of the seven minors pursuant to section 300, subdivisions (a) (as to F. only), (b), (c), and (j) (as to all the minors).  The petition was filed following an investigation into a video that surfaced of F. being hit and choked by father and in which F. can be heard yelling, "Stop hitting me," "Stop choking me," and "I'll be covered in bruises."  Father can be heard saying, "[F.], I will fuck you up" and "want to fuck around and find out."  Other minors can be heard screaming and crying saying, "Stop it."  The petition alleged father had anger issues and physically disciplined the minors, who were suffering serious emotional abuse due to hearing and witnessing their sibling's abuse, and taking place in front of mother, who did nothing to intervene or attempt to protect the minors.  It was also alleged that another adoptive sibling, B., had been detained in December 2024 after suffering similar abuse and neglect by the parents.

The next day, the juvenile court ordered that the minors remain in the parents' custody under a program of family maintenance.  The Agency's May and June 2025 reports supported continuance of that order.

Following a contested jurisdictional and dispositional hearing, the juvenile court found the allegations in the petition true on July 7, 2025.  As to disposition, the court declared the minors dependents of the court and ordered them to remain in the physical custody of the parents with family maintenance services.

Father appealed from the juvenile court's July 7, 2025 orders.  Thereafter, father filed a request to dismiss dependency jurisdiction, and the Agency agreed with the request.  On November 5, 2025, the juvenile court granted the request and terminated dependency jurisdiction as to all minors without issuing any order that continued to

2

impact father.  We granted father's request for judicial notice of the court's November 5, 2025 order.

We directed the parties to file supplemental briefs addressing whether this appeal is moot in light of the court's termination of dependency jurisdiction, which order is now final.  (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*); *In re S.R.* (2025) 18 Cal.5th 1042, 1051 (*S.R.*)).  We conclude the appeal is moot.

## DISCUSSION

Father's sole contention on appeal is that the juvenile court's jurisdictional orders are not supported by substantial evidence.

"A case becomes moot when events ' " 'render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.' " ' [Citation.]  For relief to be ' "effective," ' two requirements must be met.  First, the plaintiff must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks.  [Citation.]" (*D.P., supra,* 14 Cal.5th at p. 276; *S.R., supra,* 18 Cal.5th at p. 1051 [parent must demonstrate a specific legal or practical consequence that will be avoided by reversal].)  "This rule applies in the dependency context." (*Ibid.*)  "A reviewing court must ' "decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding." ' [Citation.]" (*Ibid*.)

"[R]elief is effective when it ' "can have a practical, tangible impact on the parties' conduct or legal status." [Citation.]'  It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status.  Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of ' "stigma" ' alone is insufficient to sustain an appeal.  The stigma must be paired with some effect on the plaintiff's legal

3

status that is capable of being redressed by a favorable court decision.  [Citation.]" (*D.P.,* *supra,* 14 Cal.5th at p. 277.)

Although jurisdiction has been terminated, father cites *S.R., supra,* 18 Cal.5th at p. 1054, claiming the appeal is not moot because the sustained allegations of physical abuse and severe emotional damage are "reportable for inclusion in the CACI,"[2] the Agency is required to forward reports of child abuse to the California Department of Justice (DOJ) for inclusion in the CACI (Pen. Code, §§ 11169, subd. (a), 11165.9), and the Agency has made no representation that it has not and does not intend to file a report with the DOJ for inclusion in the CACI.  We are not persuaded.

First, we begin with a brief summary of the two key cases relied on by the parties - - *D.P.* and *S.R.* – and which inform our decision.

In *D.P.*, the father appealed from the juvenile court's jurisdictional finding of " 'deliberate, unreasonable, and neglectful acts' " by the parents toward the minor.  *D.P., supra,* 14 Cal.5th at p. 273.)  The court ordered the minor remain in the parents' care. (*D.P., supra,* 14 Cal.5th at p. 275.)  While the appeal was pending, the juvenile court terminated jurisdiction.  The appellate court dismissed the appeal as moot and declined to exercise discretionary review on the ground that the parents " 'failed to identify a specific legal or practical negative consequence resulting from the jurisdictional finding.' " (*D.P.,* at pp. 275-276.)  The high court stated the father did not assert he had actually been reported for inclusion in the CACI or that he would be reported, noting he did not claim

---

[2] "California's Child Abuse Central Index (CACI) is a database comprised of substantiated reports of 'child abuse or severe neglect.'  (Pen. Code, § 11169, subd. (a); see [Pen. Code] § 11170.)  Certain state agencies are required to forward qualifying reports to the Department of Justice (DOJ) for inclusion in the CACI.  (See [Pen. Code,] §§ 11165.9, 11169, subd. (a).)  '[I]nformation included in the CACI is available to a wide variety of state agencies, employers, and law enforcement,' and inclusion of a parent's conduct in the CACI carries significant consequences for the parent.  [Citation.]" (*In re S.R., supra*, 18 Cal.5th at p. 1048.)

to have received written notice of such report from the agency as required by Penal Code section 11169, subdivision (c) [a person whose conduct was reported to the CACI must be provided with written notice from the agency]. (*D.P.*, at p. 280.) The Supreme Court granted the father's petition for review and concluded that because the father had not shown that the general neglect allegation was reportable or that it had been reported by the agency for inclusion in the CACI, the father's CACI claim was "too speculative to survive a mootness challenge." (*Id.* at pp. 279-280.) Regarding the father's argument that his potential inclusion in CACI was sufficient to avoid mootness given the requirement that the agency forward the report for inclusion therein, the Supreme Court found the possibility of reporting also too speculative for purposes of avoiding mootness. (*Id.* at 280.) Rejecting the court of appeal's conclusion that it had discretion to consider a moot appeal only if the father presented specific legal or practice negative consequences, however, the high court reversed and remanded for reconsideration of whether discretionary review was warranted. (*Id.* at p. 287.)

In *S.R.*, the mother challenged the juvenile court's jurisdictional finding of the mother's physical violence against her daughters, and the dispositional orders for removal, counseling, and monitored visitation. (*S.R., supra,* 18 Cal.5th at p. 1050.) The court subsequently returned the minors to the mother and terminated dependency jurisdiction. (*Ibid.*) When the court of appeal invited supplemental briefing on whether the appeal should be dismissed as moot, the mother argued the allegation underlying the jurisdictional finding was reportable for inclusion in the CACI and urged the appellate court to conduct a merits review. (*Ibid.*) The court of appeal dismissed the mother's appeal as moot and declined to exercise its discretion to review the merits. (*Ibid.*)

The Supreme Court in *S.R.* granted review "to decide whether a parent's appeal from a juvenile court's jurisdictional finding survives a mootness challenge where the parent shows that the allegation underlying the court's finding is reportable for inclusion in the CACI." (*S.R., supra,* 18 Cal.5th at p. 1050.) The Supreme Court concluded the

5

mother demonstrated the sustained allegation of child abuse "has been or will be included in the CACI" since the agency acknowledged it was required to report the allegations to the DOJ for inclusion in the CACI, and there was no genuine dispute that the mother would suffer harm from such inclusion. (*S.R.,* at p. 1053) Thus, the case was not moot, as the mother demonstrated the specific consequence could be rectified or avoided if she prevailed in her challenge of the allegation on appeal. (*Ibid.*)

Here, father argues reportable child abuse or neglect includes physical injury or death inflicted by other than accidental means upon a child, sexual abuse (Pen. Code, § 11165.1), neglect (Pen. Code, § 11165.2), willful harming or injuring of a child or endangering the person or health of a child (Pen. Code, § 11165.3), and unlawful corporal punishment or injury (Pen. Code, § 11165.4). He asserts that "the conduct described in the sustained [section 300, subdivisions (a) and (c)] allegations fit[s] the definition of reportable child abuse" and is therefore "reportable for inclusion in the CACI."

Unlike *S.R.,* where the parties did not dispute the allegation was reportable*,* here the Agency does not concede the point. On the other hand, like *D.P.,* father has not shown the allegations were legally reportable, does not assert he has actually been reported for inclusion in the CACI, does not establish that he will actually be reported, has not submitted any documentation from the Agency or the DOJ establishing that he is in fact listed in the CACI, and did not claim to have received the required written notice of such reporting from the Agency (*D.P., supra,* 14 Cal.5th at pp. 279-280), nor does he otherwise assert having suffered any consequence that could be addressed upon reversal. We are thus not persuaded that father has been or will be reported to the CACI. Father's CACI claim is therefore "too speculative to survive a mootness challenge." (*D.C.,* at p. 280.)

Father urges that, even if we find his case moot, we should exercise our discretion to address the merits of his appeal. "Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*D.P., supra*, 14 Cal.5th at

6

p. 282.)  He argues that like the father in *D.P.*, he promptly ameliorated the issues giving rise to the Agency's concerns and he should not be prevented from challenging jurisdictional findings that were not supported by substantial evidence.  (*Id.* at p. 286 ["Principles of fairness may thus favor discretionary review of cases rendered moot by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal"].)  However, while the record demonstrates father made progress in "multiple services and classes in the community to improve his family system and gain additional parenting skills," the Agency recommended that he complete the remainder of those he had yet to finish.  Additionally, father participating in services and showing progress in his case plan and the court terminating dependency jurisdiction does not have any bearing on whether the allegations were supported by sufficient evidence or the court had jurisdiction in the first instance.  Indeed, the goal of the dependency system is "to safeguard the welfare of California's children."  (*D.P.*, at p. 286.)  As aptly noted by the Agency, father's compliance means "the dependency proceedings achieved their protective purpose and [] the court's intervention was no longer necessary."

Father further argues that failure to address the merits of his appeal will result in an affirmance of the underlying judgment (*In re Jasmon O.* (1994) 8 Cal.4th 398, 413; *In re Marquis H.* (2013) 212 Cal.App.4th 718, 724) that will negatively impact him beyond these proceedings in his ability to continue as a foster parent, in his current employment, and in any future employment.  But father has not shown how he has been or will be prejudiced by the sustained allegations here when nearly identical allegations were made, addressed, and upheld on appeal in a related matter involving the minor's adoptive sibling B. arising out of the same facts and circumstances.[3]

---

[3] On our own motion, we take judicial notice of our files in *Shasta County Health and Human Services Agency v. C.S.* (C103652) [father's appeal from jurisdiction/disposition

**DISPOSITION**

The appeal is dismissed as moot.

/s/
_____
MESIWALA, J.

We concur:

/s/
_____
EARL, P. J.

/s/
_____
MAURO, J.

_____

orders dismissed pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835] and *C.S. v. Superior Court of Shasta County* (C105876) [father's challenge to denial of his section 388 petition regarding jurisdictional findings denied]. (Evid. Code, §§ 452, 459.) We note that a reviewing court may give the parties to an appeal an opportunity to comment on the propriety of judicial notice taken on the reviewing court's own motion, if the matter is of substantial consequence to the appellate opinion. (Evid. Code, §§ 452, subd. (d) [judicial notice of court records], 459, subd. (c) [reviewing court may take judicial notice but must give parties the opportunity to comment under Evid. Code, § 455 if the matter is of substantial consequence].) The validity of taking judicial notice of these matters is clear. However, if the parties are aggrieved by this judicial notice, we will entertain a motion for rehearing to give them an opportunity to address the matter before the decision becomes final. (Evid. Code, § 459, subd. (d).)